**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**SHAWN TAYLOR,**
    **Plaintiff,**

vs.                                        **Case No.: 3:09cv108/MCR/MD**

**ADDISON PLACE APARTMENTS, et al.,**
    **Defendants.**

_____

**ORDER**

    This cause is before the court upon plaintiff's amended complaint (doc. 4) and motion to proceed *in forma pauperis* (doc. 2). Plaintiff has also filed a motion to expedite this case, attaching documentary evidence in support of her claims (doc. 5). From a review of the amended complaint, it is evident that it is deficient in a number of respects. The court will therefore allow the plaintiff an opportunity to correct the deficiencies in an amended complaint.

    As an initial matter, plaintiff must clarify the defendants in this action. In the style of the case on page one of the complaint form, plaintiff names the following five defendants: "Fort Walton Beach Housing Authority (FWBHA); Gail Sansbury in capacity of executive director; Kathy McBee in capacity of Section 8 caseworker; Housing Authority Board of Commissioners; Addison Place Apartments." (Doc. 4, p. 1). However, in the "Defendants" section on page two of the complaint form, plaintiff identifies three defendants: "Gail Sansbury; Kathy McBee; and FWBHA Board of Commissioners." (*Id.*, p. 2). Plaintiff is advised that the defendants listed in the style of the case must conform to those listed in the "Defendants" section of the complaint form.

    Additionally, the amended complaint fails to comply with Federal Rule of Civil Procedure 8 and the instructions on the complaint form. Rule 8 requires a plaintiff to "set forth a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). The complaint form directs the plaintiff to identify in the "Statement of Claims" section what specific rights "under the Constitution, laws, or treaties of the United States you claim have been violated." In response, plaintiff identifies no right recognized by the Constitution or federal law; instead referring to her "right to be enrolled in rehabilitation, Baker Act, without fear of being evicted when Section should have paid my portion;" and her "right not to be discriminated against because I refused to sign a false document for June. . . ." This is insufficient to put defendants on notice of the legal theory under which plaintiff is proceeding.

In amending, plaintiff must completely fill out a new complaint form, marking it "**Second Amended Complaint**." The amended complaint must contain all of plaintiff's claims because matters not set forth in the amended complaint will be deemed abandoned. N.D. Fla. Loc. R. 15.1.

With regard to plaintiff's motion to proceed *in forma pauperis* (doc. 2), the court cannot accurately assess plaintiff's financial circumstances from the information she has provided on the financial affidavit form. For example, in the affidavit of financial status plaintiff indicates that she has two dependent children, and that she has a monthly rental obligation of $850.00. However, in the same affidavit plaintiff states that she receives only $713.00 per month in retirement or Social Security benefits, and that she has no other source of income or financial assistance. Thus, it is unclear how plaintiff is able to pay $850.00 in rent per month and meet other necessary monthly expenses, such as food purchases and utilities. Plaintiff's motion to proceed *in forma pauperis* will therefore be denied without prejudice to her refiling it with a complete financial affidavit. Plaintiff is advised that if she chooses to resubmit her application, she must truthfully and completely answer all questions on the form. If necessary, she should use the space provided in Section IV, Question 7 on the last page of the affidavit to provide additional information that might assist the court in determining her eligibility to proceed *in forma pauperis*.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is DENIED without prejudice.

2. Plaintiff's motion to expedite case (doc. 5) is DENIED.

Case No: 3:08cv240/RV/MD

3. The clerk is directed to forward to the plaintiff a complaint form for use in non-prisoner actions under 28 U.S.C. § 1331, and a form application to proceed *in forma pauperis*. This case number should be written on the forms.

4. Within **thirty (30) days of the date of this order**, plaintiff shall file an amended complaint which corrects the deficiencies noted above. The amended complaint shall be typed or clearly written and submitted on the court form.

5. Within **the same time period**, plaintiff shall either: (1) file with the court a complete application to proceed *in forma pauperis* on the court form, which addresses the above deficiencies; or (2) pay the $350.00 filing fee.

6. Plaintiff's failure to timely comply with the foregoing will result in a recommendation of dismissal of this action for failure to comply with an order of the court.

DONE AND ORDERED this 24th day of March, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:08cv240/RV/MD*